# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL LAVON BOSTIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV415-114 |
| | ) |
| C.N.T., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Michael Lavon Bostic has filed a 42 U.S.C. § 1983 complaint against the "C.N.T." which, he explains, is the "narcotics police." Doc. 1 at 2. He filed this case just days after receiving a 48-month sentence for violating 21 U.S.C. § 843(b), 21 U.S.C. § 843(d)(1) (unlawful use of communication facility). *United States v. Bostic*, CR413-007, doc. 721 (S.D. Ga. Apr. 22, 2015); *see also id.*, doc. 758 (his still-pending appeal). Bostic raises a defamation claim against those police because they "intervened a drug transaction with me having multiple kilograms of cocaine, which is totally false. I was also labeled as a fugitive by CNT, which is also untrue because I have never received a

warrant, or been affiliated with selling or buying any drugs since my last incarceration." CV415-114, doc. 1 at 3. He seeks $2.5 million for "defamation of character, pain and suffering," plus "a televised formal apology due to the false accusation that w[as] presented to the media about me." *Id.* at 4.

Upon preliminary review,[1] plaintiff's complaint must be **DISMISSED** because, among other things, his "defamation" claim fails as a matter of law. "Defamation, by itself, is a tort actionable under the law of most States, but not a constitutional deprivation." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Accordingly, a simple defamation claim against a state official, unaccompanied by the denial of some other legal right or status, is not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976) (injury to reputation alone does not deprive the defamed party of any right safeguarded by the Constitution); *Von Stein v. Brescher*, 904 F.2d 572 (1990) (sheriff's defamatory comments following plaintiff's arrest did not deprive plaintiff of any constitutionally

---

[1] Bostic proceeds *in forma pauperis* (docs. 3, 4 & 5), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief). *Pro se* complaints are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

protected interest); *Walker v. Atlanta Police Dep't Public Affairs Unit*, 322 F. App'x. 809, 810 (11th Cir. 2009) ("a claim of being defamed by a police officer is not actionable under 42 U.S.C. § 1983").[2] Bostic alleges only that he has been "embarrassed" by the false allegations made by the state narcotics agents. Such a claim does not assert a constitutional tort actionable under § 1983.

Also, the "C.N.T.," a local police department task force, is incapable of being sued under either federal or Georgia law. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . ."); *Sherman v. City of Fort Valley*, 2015 WL 5162271 at *2 (M.D. Ga. Sept. 2, 2015) ("The Fort Valley Police Department is entitled to summary judgment on the federal claims against it because it is not a legal entity capable of being sued under either federal or Georgia law"); *Williams v. Muscogee Cty. Sheriff's Dep't*, 2009 WL 1457156, at *3 (M.D.

---

[2] A § 1983 cause of action may arise where, in addition to damaging plaintiff's reputation, the state official's conduct deprives plaintiff of some tangible interest (such as employment) protected by the Due Process clause. *Cypress Insur. Co. v. Clark*, 144 F.3d 1435 (11th Cir. 1998). This "stigma plus" standard requires plaintiff to show that the official's conduct deprived him of some recognized property or liberty interest in addition to damaging his reputation. *Id.* at 1436. Here, Bostic has asserted no more than a garden-variety defamation claim, unaccompanied by any allegation of a constitutionally recognized injury.

Ga. May 22, 2009) ("[T]he Muscogee County Sheriff's Department, as named in the Plaintiff's lawsuit, is not a natural person, artificial person, nor a quasi artificial person . . . [ ]capable of being sued under 42 U.S.C. § 1983. . . ."); *Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (same).

Given the sheer frivolity of Bostic's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Bostic to pay his filing fee, which is to be collected *in addition* to the $350 filing fee in his other cases (hence, a

Ga. May 22, 2009) ("[T]he Muscogee County Sheriff's Department, as named in the Plaintiff's lawsuit, is not a natural person, artificial person, nor a quasi artificial person . . . [ ]capable of being sued under 42 U.S.C. § 1983. . . ."); *Bunyon v. Burke Cty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (same).

Given the sheer frivolity of Bostic's complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). This case should also be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Bostic to pay his filing fee, which is to be collected *in addition* to the $350 filing fee in his other cases (hence, a

total of $1050)[3] -- *Bostic v. Knoche*, CV415-113; *Bostic v. Chatham Cty Jail*, CV415-117. His furnished PLRA paperwork reflects $514.17 in average monthly deposits over the six month period prior to the date of

---

[3] Some courts treat the fee issue differently, and the divergences arise from the way they interpret 28 U.S.C. 1915(b). When a prisoner "brings a civil action or files an appeal" IFP, he "shall be required to pay the full amount of a filing fee." 28 U.S.C. 1915(b)(1). But he does so through an installment plan -- he pays "an initial partial filing fee" of 20% of his average monthly deposits or income (whichever is greater), followed by "monthly payments" of 20 percent of his preceding month's income. 28 U.S.C. 1915(b)(1) and (2).

The court in *Pinson v. Samuels*, 761 F.3d 1 (D.C. Cir. 2014) held that § 1915(b) requires a prisoner who has filed multiple cases and thus incurred multiple filing fees to pay them simultaneously. Thus, multiple-case fees are stacked to be paid, under the 20% rule, at the same time. *Id.* at 7-10. That is the "per case" approach. *Id.* Successfully petitioning for *certiorari* in that case, 2015 WL 241878, *cert. granted sub nom, Bruce v. Samuels*, 135 S. Ct. 2833 (2015), Antoine Bruce argued the "per prisoner" approach. That is, § 1915(b)'s "monthly payments" language refers to all cases an inmate has filed (hence, per prisoner), so he should only have to pay 20% of his monthly income no matter how many case filing fees he may owe. 2015 WL 241878 at * 19-22 (per prisoner, rather than per case approach). *Bruce* was orally argued on November 4, 2015.
http://www.supremecourt.gov/oral_arguments/argument_transcripts/14-844_4fci.pdf

Other courts have applied the per prisoner interpretation. *Grenning v. Stout*, ___ F. Supp. 3d ___, 2015 WL 6693118 at *6 (E.D. Wash. Nov. 3, 2015) (applying per-*prisoner*, rather than per-*case* basis interpretation, and expressly adopting the reasoning of *Siluk v. Merwin*, 783 F.3d 421, 426 (3rd Cir. 2015) (per prisoner interpretation)). Although the Eleventh Circuit has not ruled on this precise issue, it has, in requiring multiple prisoners to each pay a filing fee instead of joining their suits together and paying just one, leaned on Congress' interest in preventing abusively frivolous litigation through financial deterrence. *See, e.g., Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (PLRA did not permit group of prisoners to join claims and thereby divide single mandatory filing fee among them, regardless of prisoners' contention that federal joinder rule governed and that their claims arose out of same transaction or occurrence and involved common question of law; PLRA required separate action and payment of full filing fee by each prisoner). This Court will do likewise and apply the per case interpretation to an inmate flinging frivolous lawsuits at this Court. Doing so appropriately underscores PLRA's heartland (deterrence) value.

5

his Prison Account Statement. Doc. 5. He therefore owes a $102.83 initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit the $102.83 initial partial filing fee and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 17TH day of December, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA